IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COMMON SENSE MEDIA, Inc.,

    Plaintiff,

  v.

COMMON SENSE ISSUES, Inc.,

    Defendant.

No. C 08-0155 CW

ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER

    Plaintiff Common Sense Media, Inc. (CSM) claims that Defendant Common Sense Issues, Inc. (CSI) is infringing its registered trademarks, "Common Sense Media" and "Common Sense Media and Design." CSM now moves for a temporary restraining order enjoining CSI from further using the designation "Common Sense Issues" or any other similar designation. CSI has submitted an opposition to CSM's motion.[1]

    A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To

---

[1] Although the motion was brought as an ex parte application for a temporary restraining order, because CSI has had the opportunity to respond, albeit with shortened notice, the Court's consideration of the motion is not ex parte.

obtain a temporary retraining order, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor.  See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

    The Court finds that CSM has not made a sufficient showing of likely success on the merits of its claims and of the immediate threat of irreparable harm to justify granting the relief it seeks. Although "Common Sense Issues" is similar to CSM's trademarks, the phrase, "common sense" is not unique, and the field of registered trademarks including the phrase is crowded.  See Nguyen Decl. Ex. 7.  Many of these marks consist of the phrase, "common sense" followed by a generic descriptive word similar to the word, "issues."  For instance, the field includes the registered trademarks, "Common Sense Reasoning," "Common Sense Design," "Common Sense Coalition" and "Common Sense Revolution."  Id.  Thus, CSM's mark is weak, and it is not likely that its similarity to "Common Sense Issues" is sufficient to establish infringement. Supporting this view is the fact that CSI has filed an application for registration of the mark "Common Sense Issues," and the U.S. Patent and Trademark Office has found "no similar registered or pending mark . . . that would bar registration."  Id. Ex. 6.

    Additionally, it does not appear that the services provided by CSM and CSI are so closely related that the public would reasonably

2

believe they come from the same source.  CSM is a nonpartisan organization that provides information services related to children and the media.  CSI is a political action group that provides voters with information on the positions of presidential candidates with respect to particular issues.  While CSM argues that nothing would prevent CSI in the future from providing information on issues related to children and the media, this possibility cannot serve as the basis for a present claim of trademark infringement.

Finally, CSM has not shown that it stands to suffer irreparable harm if a temporary restraining order does not issue because it has failed to establish a likelihood of public confusion over the source of CSI's advocacy efforts.  See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 827 (9th Cir. 1993) ("In trademark cases, once the plaintiff establishes a likelihood of confusion between the plaintiff's mark and the defendant's, it is ordinarily presumed the plaintiff will suffer irreparable harm if injunctive relief is not granted.  The district court found Jensen failed to establish a likelihood of confusion and thus there was no presumption of irreparable harm.") (citation omitted).  Nor has it otherwise demonstrated a likelihood of irreparable harm.

For these reasons, CSM's application for a temporary restraining order is DENIED.  If CSM wishes, it may move for a preliminary injunction in compliance with the notice provisions of the Local Rules.  It may, but need not, submit additional materials in connection with such motion.  If it does not, the Court will consider the materials it has already submitted in connection with its application for a temporary restraining order.  If CSM moves

3

1  for a preliminary injunction but does not submit additional
2  materials, CSI may, at its option, nonetheless file additional
3  materials in opposition to the motion.  CSM may then file a reply,
4  if necessary.
5      IT IS SO ORDERED.

7  Dated: 1/25/08
8  _____
   CLAUDIA WILKEN
   United States District Judge