JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
ANNE M. HUNTER (CA SBN 221455)
AHunter@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

DEAN J. ZIPSER (CA SBN 94680)
DZipser@mofo.com
CAROLE E. REAGAN (CA SBN 162674)
CReagan@mofo.com
MORRISON & FOERSTER LLP
19900 MacArthur Boulevard, Suite 1200
Irvine, California 92612-2445
Telephone: 949.251.7500
Facsimile: 949.251.0900

Attorneys for Plaintiff
COMMON SENSE MEDIA, INC.

JAMES D. NGUYEN (CA SBN 179370)
jnguyen@foley.com
RANA S. AWAD (CA SBN 237197)
rawad@foley.com
FOLEY & LARDNER LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
Telephone: 310.975.7837
Facsimile: 310.557.8475

Attorney for Defendant
COMMON SENSE ISSUES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| COMMON SENSE MEDIA, INC., | Case No. 08-00155 CW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| vs. | |
| COMMON SENSE ISSUES, INC., | **Date:   April 15, 2008** |
| Defendant. | **Time:   2:00 P.M.**<br>**Court:  The Honorable Claudia Wilken** |

1    Pursuant to this Court's Civil Local Rule 16-9, the parties jointly submit this Case Management

2    Statement and Proposed Order.  Lead counsel for Defendant Common Sense Issues, Inc. ("Common

3    Sense Issues" or "CSI") and lead counsel for Plaintiff Common Sense Media, Inc. ("Common Sense

4    Media") were not available to meet and confer on the same days leading up to Civil Local Rule 16-3's

5    meet and confer deadline due to Defendant's counsel's trial schedule.  Defendant's counsel agreed to

6    meet and confer with non-lead counsel for Plaintiff, who was thoroughly prepared by lead counsel for

7    Plaintiff prior to the meet and confer.

8    The parties make the following representations:

9    **1.    Jurisdiction and Service**

10    This Court has subject matter jurisdiction under 28 U.S.C. 1331 (federal question) and 28

11    U.S.C. 1332 (diversity) in that Plaintiff is a California corporation and Defendant is a Delaware

12    corporation.  Plaintiff alleges the amount in controversy exceeds $75,000 exclusive of interest and

13    costs.

14    **2.    Facts**

15    **Plaintiff's Statement of Facts:**

16    Plaintiff Common Sense Media is a nonpartisan, nonprofit organization based in San Francisco,

17    California dedicated to improving the media and entertainment lives of children and families.

18    Common Sense Media owns two federal trademark registrations for COMMON SENSE MEDIA® and

19    owns two federal trademark applications that include the term COMMON SENSE.  Common Sense

20    Media has been advocating on the state and federal levels regarding media regulation and family-

21    friendly media rating systems under its Common Sense trademarks since May 2003.  Common Sense

22    Media's organizational goals include establishing an independent and transparent universal rating

23    system for all media, encouraging age-appropriate media and a responsible media industry, and

24    supporting diversity of programming and media ownership.  Common Sense Media regularly collects

25    and distributes nonpartisan studies and informative reports regarding media and children.  Leading up

26    to elections, Common Sense Media also conducts surveys, polls, and debates so that voters will know

27    where candidates stand on issues related to children and the media.

28

1    Defendant CSI is a partisan organization advocating for Republican candidates and
2  conservative issues.  For example, CSI operates the CommonSenseIssues.com website where it
3  publicizes highly partisan activities and viewpoints.  CSI also operated the TrustHuckabee.com
4  website which was dedicated to promoting Mike Huckabee in his presidential campaign.  In addition,
5  CSI ran the CubanHeroes.com website that, as of January 8, 2008, included a video segment with
6  mock Cuban newscasters in military gear awarding U.S. Representative Mark Udall, a Democrat, the
7  "Cuban Propaganda Award."  Finally, CSI was the source of automatic, interactive telephone calls
8  regarding election activities in many states nationwide, including Iowa, New Hampshire, South
9  Carolina, and Florida.  CSI uses the COMMON SENSE ISSUES designation in connection with each
10 of these activities.

11    Common Sense Media brought this action because it was concerned, and continues to be
12 concerned, that CSI's use of the phrase COMMON SENSE ISSUES for its highly partisan activities
13 will cause the public to mistakenly believe that CSI is associated or affiliated with Common Sense
14 Media.  Common Sense Media is also concerned that if confusion does result, Common Sense Media
15 will lose supporters and funding who come to believe that Common Sense Media is a partisan
16 organization, rather than a nonpartisan non-profit entity advocating better public policies related to the
17 issues of family, children, and the media.

18    **Defendant's Statement of Facts:**

19    Defendant Common Sense Issues is a public information organization devoted to promoting
20 American values.   It is dedicated to educating the public as to the positions of  leaders and  political
21 candidates on a variety of issues of central importance to the American people, in an effort to build a
22 national movement of citizens who want public officials to exercise common sense in their approach to
23 the issues.  Some of Common Sense Issues' activities include telephone calls, advertisements in
24 newspapers, television, radio and internet, and operating web sites as a means to communicate to the
25 public information about key public policy and political issues.  Common Sense Issues does not
26 communicate or coordinate its efforts with candidates, campaigns, or political parties.  Common Sense

27

28

1   Issues conducts its activities wholly independently of any and all candidates, campaigns and political

2   parties.

3       On August 16, 2007, Common Sense Issues filed an application before the U.S. Patent &

4   Trademark Office to register its trademark COMMON SENSE ISSUES (U.S. Serial No. 77/257,033)

5   for use in connection with "promoting public awareness of issues in the fields of politics and public

6   policy." The "Common Sense" name was chosen for historical reasons. Common Sense Issues

7   adopted the COMMON SENSE ISSUES mark and other variations of COMMON SENSE, to reflect

8   Thomas Paine's classic essay on American politics, *Common Sense*. The mark has been examined by

9   the USPTO; quite notably, the trademark examiners found the mark not to conflict with any registered

10  trademark or pending application (including, presumably, Plaintiff's marks) because the USPTO

11  examiner has approved the application for publication in the Official Gazette.

12      Defendant maintains that its COMMON SENSE ISSUES mark is different from Plaintiff's

13  marks in terms of sound, appearance, and overall commercial impression such that there is no risk of

14  likelihood of confusion between the marks (or a minor risk at best). In fact, the USPTO sees no

15  conflict between the parties' marks, as shown by the fact that Common Sense Issues' mark has been

16  "allowed" by the USPTO and published in the Official Gazette. The risk of confusion is so remote that

17  the Trademark Office did not even raise any likelihood of confusion objection.

18      In addition, there is a crowded field of "Common Sense" marks. Thus, Plaintiff cannot claim

19  sweeping exclusive rights to use the term "COMMON SENSE" in the fields of advocacy and

20  education, or in any field for that matter. A search of the USPTO online database (available at

21  www.uspto.gov) showed hundreds of marks wholly comprised of or containing the term "COMMON

22  SENSE." In cases where there are a number of third party registrations including the same term, such

23  as "COMMON SENSE," there is an inherent weakness in that shared portion of the marks and, slight

24  differences are sufficient to distinguish one from the other. That is the case here, and Defendant thus

25  contends that its mark does not infringe Plaintiff's marks. Not surprisingly, the Court denied

26  Plaintiff's application for a temporary restraining order.

27

28

Finally, there is evidence that Plaintiff's chairman, a long time friend of an advisor to Defendant, knew of Defendant's organization name since April 2007, yet did not complain about any trademark problem.

### 3. Legal Issues

The following legal issues are in dispute:

- Whether Defendant CSI's use of the COMMON SENSE ISSUES designation violates Section 32 of the Lanham Act, 15 U.S.C. § 1114;

- Whether Defendant CSI's use of the COMMON SENSE ISSUES designation constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

- Whether Defendant CSI's use of the COMMON SENSE ISSUES designation constitutes unfair business practices under Cal. Bus. and Prof. Code § 17200; and

- Whether Defendant CSI's use of the COMMON SENSE ISSUES designation constitutes deceptive, false, and misleading advertising under Cal. Bus. and Prof. Code § 17500, *et seq.*;

- Whether Defendant CSI's use of the COMMON SENSE ISSUES designation constitutes trademark infringement under common law; and

- Whether any or all of Defendant's affirmative defenses defeat Plaintiff's claims.

Defendant CSI additionally contends that whether Defendant is entitled to concurrent use and registration of COMMON SENSE ISSUES mark, pursuant to 15 U.S.C. § 1052(d), is at issue. Plaintiff Common Sense Media believes, however, that this is not a case where the United States Patent and Trademark Office would institute a concurrent use proceeding.

### 4. Motions

Defendant CSI intends to seek leave to file an amended answer. Plaintiff Common Sense Media may file a motion for preliminary injunction after some discovery has been completed. Defendant CSI may elect to file a motion for summary judgment.

///

1      **5.      Amendment of Pleadings**

2           On April 7, 2008, Defendant CSI proposed filing an amended answer to include a section

3      entitled Prayer for Relief that was not included in the original Answer.  Defendant CSI has asked

4      Plaintiff Common Sense Media to stipulate to its forthcoming motion to amend.  Plaintiff is taking that

5      request under advisement and will notify Defendant CSI of its decision no later than Friday, April 11,

6      2008.  In any event, Defendant CSI intends to file with the Court a motion to file an amended answer

7      forthwith.

8      **6.      Evidence Preservation**

9           The parties will not delete any relevant emails or destroy any relevant documents, electronic or

10     otherwise, or any other relevant electronically-recorded material, until this dispute is resolved.  Each

11     party has agreed to distribute a written communication instructing their respective employees to

12     comply with this directive.

13     **7.      Disclosures**

14          The parties certify that they have made the following required disclosures under Federal Rule

15     of Civil Procedure 26(a)(1) by way of separate documents:

16     **Plaintiff Common Sense Media's Initial Disclosures:**

17          (A)    Individuals

18          •      Annie Zehren, President and Chief Operating Officer, Common Sense Media,

19                 Inc., 1550 Bryant Street, Suite 555, San Francisco, California, 94103 (contact

20                 through Morrison & Foerster LLP), regarding the importance of Common Sense

21                 Media's COMMON SENSE trademarks, consumer recognition of Common

22                 Sense Media's COMMON SENSE trademarks, activities and services associated

23                 with Common Sense Media's COMMON SENSE trademarks, and the damage

24                 that Common Sense Media will suffer if Defendant CSI does not cease its use of

25                 the COMMON SENSE ISSUES designation.

26          •      Robert Wehling, Chair of the Board of Directors, Common Sense Media, Inc.,

27                 1550 Bryant Street, Suite 555, San Francisco, California, 94103 (contact through

28

JOINT CASE MANAGEMENT STATEMENT AND                    -5-                    CASE NO. C 08-00155 CW
[PROPOSED] ORDER
sf- 2495783

1    Morrison & Foerster LLP), regarding whether Common Sense Media had prior

2    knowledge of CSI's use or intended use of the COMMON SENSE ISSUES

3    designation.

4

5    (B)    Documents

6    •    Federal trademark registrations and applications to register Common Sense

7    Media's COMMON SENSE trademarks.

8

9    •    Documents reflecting Common Sense Media's use of the COMMON SENSE

10    trademarks in connection with public policy advocacy services, educational

11    services, and informational services.

12

13    •    Documents relating to Defendant CSI's use of the COMMON SENSE ISSUES

14    designation.

15

16    (C)    Computation of Damages

17    Common Sense Media is seeking actual damages caused by CSI's infringing conduct.  Should

18    the evidence support it, Common Sense Media intends to argue that this is an exceptional case of

19    willful infringement justifying the trebling of damages and an award of costs and attorneys' fees under

20    the Lanham Act.

21    (D)    Insurance Policies

22    CSI has not yet asserted any counterclaims against Common Sense Media in this action, and

23    therefore Common Sense Media is unable to ascertain whether insurance coverage exists through

24    which all or some portion of an eventual adverse judgment in this action might be satisfied.  At such

25    time as CSI asserts any counterclaims against Common Sense Media, Common Sense Media will

26    ascertain whether such coverage exists and will supplement its Initial Disclosures accordingly.

27    ///

28

**Defendant's Initial Disclosures:**

(A)    Witnesses

At this time, CSI is aware of the following persons as having knowledge of facts supporting or rebutting the material allegations in the pleadings:

1.    Nathan Estruth, a volunteer of Common Sense Issues, Inc.  Mr. Estruth can be contacted through Foley & Lardner LLP.  Mr. Estruth may testify as to the selection and use of the COMMON SENSE ISSUES mark, the work of the organization, and conversations he had with Common Sense Media's chairman, Robert Wehling, regarding CSI and Common Sense Media's shared use of the phrase "Common Sense."

2.    Harold E. Swift, President of Common Sense Issues Inc.  Mr. Swift can be contacted through Foley & Lardner LLP. Mr. Swift may testify as to the selection and use of the COMMON SENSE ISSUES mark and the work of the organization.

3.    Robert Wehling.  Mr. Wehling is the Chairman of Common Sense Media, Inc. CSI presumes he may be contacted through Counsel for Plaintiff, Morrison and Foerster LLP. Mr. Wehling may be called to testify regarding his knowledge of CSI's use of the "COMMON SENSE" phrase in connection with Common Sense Issues, Inc. via conversations with Mr. Estruth.

(B)    Documents

At this time, CSI is aware of the following documents in its possession, custody or control that it may use to support its claims or defenses.  Several of these documents were filed with the Court on January 18, 2008, in connection with CSI's opposition to Common Sense Media Inc.'s  ("CSM") *ex parte* application for a temporary restraining order; otherwise, each of these documents are in CSI's possession and can be obtained through CSI's counsel:

1.    Federal Trademark/Service Mark Application, Principal Register for COMMON SENSE ISSUES, International Class 35 (promoting political and public policy issues), Serial No. 77257033, dated August 16, 2007 (Bates labeled CSI 00001 – CSI 0002).

2.    PTO Secure Payment Server Payment Form, U.S. Patent and Trademark Office,

1  payment for trademark application for COMMON SENSE ISSUES mark, Serial No.

2  77257033, dated on or about August 16, 2007 (Bates labeled CSI 00003 – CSI 00005).

3      3.    Office Action from the U.S. Patent and Trademark Office regarding application

4  for the COMMON SENSE ISSUES mark, Serial No. 77257033, dated November 27, 2007

5  (Bates labeled CSI 00006 – CSI 00008).

6      4.    Common Sense Issues, Inc.'s Response to Office Action from the U.S. Patent

7  and Trademark Office regarding application for the COMMON SENSE ISSUES mark, Serial

8  No. 77257033, dated January 4, 2008 (Bates labeled CSI 00009 – CSI 00010).

9      5.    Publication of COMMON SENSE ISSUES for opposition, Official Gazette,

10  March 18, 2008, TM 1052 (Bates labeled CSI 00011).

11      6.    Entity Details regarding Common Sense Issues Coalition, Inc. from the Secretary

12  of State of Delaware, dated  April 11, 2007 (Bates labeled CSI 00012).

13      7.    Entity Details regarding Common Sense Issues, Inc. from the Secretary of State

14  of Delaware, dated April 11, 2007 (Bates labeled CSI 00013).

15      8.    Court decision in *The State Ex. Rel. Ohio Democratic Party v. Blackwell*, 111

16  Ohio St. 3d 246 (Sup. Ct. Ohio 2006) (Bates labeled CSI 00014 – CSI 00026).

17      9.    A list of  federally-registered marks incorporating the phrase "Common Sense"

18  from the U.S. Patent Trademark Office's Trademark Electronic Search System, generated

19  January 16, 2008 (Bates labeled CSI 00027 – CSI 00032).

20      10.    A printout from the U.S. Patent and Trademark Office's Trademark Electronic

21  Search System showing federal registration of the COMMON SENSE CONSERVATION

22  mark, printed January 16, 2008 (Bates labeled CSI 00033 – CSI 00034).

23      11.    A printout from the U.S. Patent and Trademark Office's Trademark Electronic

24  Search System showing federal registration of the RADICAL COMMON SENSE mark,

25  printed January 16, 2008 (Bates labeled CSI 00035 – CSI 00036).

26      12.    A printout from the U.S. Patent and Trademark Office's Trademark Electronic

27  Search System showing federal registration of the COMMON SENSE COALITION mark,

28

1  printed January 16, 2008 (Bates labeled CSI 00037 – CSI 00038).

2       13.    A printout from the U.S. Patent and Trademark Office's Trademark Electronic

3  Search System showing federal application for the COMMON SENSE REVOLUTION mark,

4  printed January 17, 2008 (Bates labeled CSI 00039 – CSI 00040).

5       14.    A printout from the U.S. Patent and Trademark Office's Trademark Electronic

6  Search System showing federal application for THE COMMON SENSE GUY mark, printed

7  January 16, 2008 (Bates labeled CSI 00041 – CSI 00042).

8       15.    Search results from Google for the phrase "Common Sense," printed January 18,

9  2008 (Bates labeled CSI 00043 – CSI 00051).

10       16.    Search results from Yellow Pages.com for the phrase "Common Sense," printed

11  January 18, 2008 (Bates labeled CSI 00052 – CSI 00078).

12       17.    Screen captures of the CommonSenseIssues.com website, printed April 7, 2008

13  (Bates labeled CSI 00079 – CSI 00085).

14       18.    Screen captures of the CommonSenseMedia.org website, printed April 7, 2008

15  (Bates labeled CSI 00086 – CSI 00100).

16       19.    Report of Independent Expenditures Made and Contributions Received (FEC

17  Form 5), filed with the Federal Election Committee, dated November 29, 2007 (Bates labeled

18  CSI 00101 – CSI 00104).

19       20.    Report of Independent Expenditures Made and Contributions Received (FEC

20  Form 5), filed with the Federal Election Committee, dated December 28, 2007 (Bates labeled

21  CSI 00105 – CSI 00109).

22       21.    Fax Cover Sheet and Report of Independent Expenditures Made and

23  Contributions Received (FEC Form 5), filed with the Federal Election Committee, dated

24  December 28, 2007 (Bates labeled CSI 00110 – CSI 00119).

25       22.    Report of Independent Expenditures Made and Contributions Received (FEC

26  Form 5), filed with the Federal Election Committee, dated January 3, 2008  (Bates labeled CSI

27  00120 – CSI 00122).

28

1    23.    Fax Cover Sheet and Report of Independent Expenditures Made and

2    Contributions Received (FEC Form 5), filed with the Federal Election Committee, dated

3    January 3, 2008 (Bates labeled CSI 00123 – CSI 00129).

4    24.    Report of Independent Expenditures Made and Contributions Received (FEC

5    Form 5), filed with the Federal Election Committee, dated January 8, 2008 (Bates labeled CSI

6    00130 – CSI 00131).

7    25.    Report of Independent Expenditures Made and Contributions Received (FEC

8    Form 5), filed with the Federal Election Committee, dated January 14, 2008 (Bates labeled CSI

9    00132 – CSI 00135).

10    26.    Report of Independent Expenditures Made and Contributions Received (FEC

11    Form 5), filed with the Federal Election Committee, dated January 18, 2008, amending Report

12    of Independent Expenditures Made and Contributions Received dated January 14, 2008 (Bates

13    labeled CSI 00136 – CSI 00140).

14    27.    Report of Independent Expenditures Made and Contributions Received (FEC

15    Form 5), filed with the Federal Election Committee, dated January 25, 2008 (Bates labeled CSI

16    00141 – CSI 00144).

17    28.    Cover letter and Report of Independent Expenditures Made and Contributions

18    Received (FEC Form 5), filed with the Federal Election Committee, dated January 31, 2008

19    (Bates labeled CSI 00145 – CSI 00153).

20    (C)    Computation of Damages

21    At this time, CSI does not claim any damages related to this action.  CSI reserves the

22    right to seek from CSM its attorneys' fees and costs incurred in connection with this action.

23    (D)    Insurance

24    At this time, CSI does not have any applicable insurance agreement to disclose.

25    ///

26    ///

27    ///

28

1    **8.    Discovery**

2    At this time, neither party is aware of any changes that should be made to the limitations on

3    discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or of any additional

4    limitations that should be imposed.

5    **9.    Class Actions**

6    Not applicable.

7    **10.    Related Cases**

8    The parties are unaware of any related cases.

9    **11.    Relief**

10   Plaintiff seeks injunctive and monetary relief.  Plaintiff believes it is entitled to an accounting

11   of Defendant CSI's donors and/or members so that Common Sense Media may take appropriate

12   remedial measures to mitigate damages.  Plaintiff also believes that it is entitled to reasonable funds for

13   future corrective advertising and to costs and attorneys' fees.

14   Defendant CSI notified Plaintiff Common Sense Media on April 7, 2008, of its intention to

15   seek leave to file an amended answer containing a new section entitled "Prayer for Relief," in which

16   Defendant would seek dismissal of the action; a judgment in favor of Defendant; a judicial declaration

17   that its COMMON SENSE ISSUES mark does not infringe any of Plaintiff's marks; an order

18   permitting concurrent use and registration of its COMMON SENSE ISSUES mark, pursuant to 15

19   U.S.C. §1052(d); judgment in its favor; an award of its attorneys' fees and costs; and any other relief

20   the Court deems appropriate.  Defendant CSI has requested that Plaintiff stipulate to its proposed

21   motion to amend and Plaintiff is taking that request under advisement.

22   **12.    Settlement and ADR**

23   Plaintiff is willing to participate in mediation; Defendant believes the preferable ADR

24   procedure is a settlement conference with a U.S. Magistrate Judge.  The parties have complied with the

25   ADR rules and have filed a Notice for Need of ADR Phone Conference.  The call is currently

26   scheduled for April 9, 2008.

27   ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**13.     Consent to Magistrate Judge for All Purposes**

The parties do not consent to a Magistrate Judge.

**14.     Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties are open to narrowing certain issues via stipulated facts, subject to the progression of discovery.  At this time, the parties do not foresee bifurcating any issues, claims, or defenses for trial.

**16.     Expedited Schedule**

The parties believe that this case can be handled without significant delay, subject only to the need to take discovery from third parties.

**17.     Scheduling**

The parties propose the following schedule:

| | |
|---|---|
| Completion of Fact Discovery: | October 17, 2008 |
| Designation of Experts: | October 20, 2008 |
| Designation of Rebuttal Experts: | Within 30 days of Designation of Experts |
| Completion of Expert Discovery: | December 5, 2008 |
| Last Day to Hear Dispositive Motions: | January 22, 2009 |
| Pretrial Conference: | March 17, 2009 |
| Trial: | April 20, 2009 |

**18.     Trial**

Plaintiff expects the trial to last five to seven days.  Defendant expects the trial to last four to five trial days.  Plaintiff has demanded a trial by jury.

///

///

///

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
sf- 2495783

-12-

CASE NO. C 08-00155 CW

1    **19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>** The parties have filed their

2    respective Certification of Interested Entities or Persons.  At this time, neither party is aware of any

3    additional interested entities or persons.

4

5    Dated:  April 8, 2008                    MORRISON & FOERSTER LLP
                                             Jennifer Lee Taylor (State Bar No. 161368)
                                             Anne M. Hunter (State Bar No. 221455)
6

7                                            By: _____/s/_____
                                                      Jennifer Lee Taylor
8

9                                            *Attorneys for Plaintiff*
                                             *Common Sense Media, Inc.*
10   Dated:  April 8, 2008                    FOLEY & LARDNER LLP
                                             James D. Nguyen (State Bar No. 179370)
11                                           Rana S. Awad (State Bar No. 237197)

12                                           By: _____/s/_____
                                                      James D. Nguyen
13

14                                           *Attorney for Defendant*
                                             *Common Sense Issues, Inc.*
15

16

17   I, Jennifer Taylor, am the ECF User whose ID and password are being used to file this Stipulation.  In

18   compliance with General Order 45, section X.B., I hereby attest that I have on file the concurrences for

19   any signatures indicated by a "conformed" signature (/s/) within this efiled document.

20

21                                           By: _____/s/_____
                                                      Jennifer Lee Taylor
22

23        IT IS SO ORDERED.

24

25   Dated: _____

26                                           _____

27                                           CLAUDIA WILKEN

28                                           United States District Judge