JAMES D. NGUYEN, CA BAR NO. 179370
jnguyen@foley.com
RANA S. AWAD, CA BAR NO. 237197
rawad@foley.com
**FOLEY & LARDNER LLP**
2029 CENTURY PARK EAST, SUITE 3500
LOS ANGELES, CA 90067-3021
TELEPHONE:   310.277.2223
FACSIMILE:    310.557.8475

Attorneys for Defendant COMMON SENSE ISSUES, INC.

JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
ANNE M. HUNTER (CA SBN 221455)
ahunter@mofo.com
**MORRISON & FOERSTER LLP**
425 MARKET STREET
SAN FRANCISCO, CALIFORNIA  94105-2482
TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

DEAN J. ZIPSER (CA SBN 94680)
dzipser@mofo.com
CAROLE E. REAGAN (CA SBN 162674)
creagan@mofo.com
**MORRISON & FOERSTER LLP**
19900 MACARTHUR BOULEVARD, SUITE 1200
IRVINE, CALIFORNIA 92612-2445
TELEPHONE: 949.251.7500
FACSIMILE: 949.251.0900

Attorneys for Plaintiff COMMON SENSE MEDIA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMON SENSE MEDIA, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>COMMON SENSE ISSUES, INC., a Delaware corporation<br><br>Defendant. | Case No: 008-00155CW<br><br>Judge: Hon. Claudia Wilken<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER GRANTING DEFENDANT LEAVE TO FILE FIRST AMENDED ANSWER**<br><br>[PROPOSED FIRST AMENDED ANSWER LODGED CONCURRENTLY HEREWITH] |

Defendant Common Sense Issues, Inc. ("Defendant") hereby seeks leave to file the proposed first amended answer attached hereto as Exhibit 1. Plaintiff Common Sense Media, Inc. hereby stipulates to the Defendant's request. This stipulated request is based on the following facts:

1. On January 31, 2008, in response to Plaintiff's complaint, Defendant filed its answer ("Answer").

2. On April 7, 2008, Defendant's counsel realized that it had inadvertently omitted the "prayer for relief" from the Answer it filed. Defendant's counsel promptly notified Plaintiff's counsel Anne Hunter via e-mail and requested that Plaintiff stipulate to Defendant's request for leave to file an amended answer.

3. On April 14, 2008, Plaintiff's counsel agreed to stipulate to Defendant's request for leave to amend the answer.

4. Amendment of the answer will not disrupt the Court's scheduling as the Court has not set a trial date or corresponding discovery deadlines.

Dated: April 16, 2008

MORRISON & FOERSTER LLP
JENNIFER LEE TAYLOR
ANNE M. HUNTER

By: _____/s/_____
ANNE M. HUNTER
Attorneys for Plaintiff
COMMON SENSE MEDIA, INC.

Dated: April 16, 2008

FOLEY & LARDNER LLP
JAMES D. NGUYEN
RANA S. AWAD

By: _____/s/_____
JAMES D. NGUYEN
Attorneys for Defendant COMMON SENSE ISSUES, INC.

I, James D. Nguyen, am the ECF User whose ID and password are being used to file this Stipulated Request. In compliance with General Order 45, section X.B., I hereby attest that I have on file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

> By: _____/s/_____
> James D. Nguyen

## [PROPOSED] ORDER

GOOD CAUSE APPEARING THEREFORE IN THE ABOVE STIPULATION OF THE PARTIES. IT IS HEREBY ORDERED THAT:

Defendant Common Sense Issues, Inc. is granted leave to file its proposed First Amended Answer to the Complaint. The First Amended Answer shall be deemed filed as of the date of this order.

DATED: _____, 2008

_____
**HONORABLE CLAUDIA WILKEN**
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Exhibit 1**

1  JAMES D. NGUYEN, CA BAR NO. 179370
   jnguyen@foley.com
2  RANA S. AWAD, CA BAR NO. 237197
   rawad@foley.com
3  **FOLEY & LARDNER LLP**
   2029 CENTURY PARK EAST, SUITE 3500
   LOS ANGELES, CA 90067-3021
4  TELEPHONE:    310.277.2223
   FACSIMILE:    310.557.8475

5  Attorneys for Defendant COMMON SENSE ISSUES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12  COMMON SENSE MEDIA, INC., a          Case No: 008-00155CW
    California corporation,
13                                        Judge: Hon. Claudia Wilken
              Plaintiff,
14                                        **[PROPOSED] FIRST AMENDED
         vs.                              ANSWER OF COMMON SENSE
15                                        ISSUES, INC. TO COMPLAINT**
    COMMON SENSE ISSUES, INC., a
16  Delaware corporation,                 **DEMAND FOR JURY TRIAL**

17            Defendant.

18

19

20

21

22

23

24

25

26

27

28
                                          1

Defendant Common Sense Issues, Inc. ("Defendant") hereby sets forth its first amended answer to the complaint of plaintiff Common Sense Media, Inc. ("Plaintiff") as follows:

1. Answering Paragraph 1, Defendant admits that Plaintiff alleges the referenced causes of action but denies that such claims and causes of action alleged in the complaint have any merit.

## PARTIES

2. Answering Paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

3. Answering Paragraph 3, Defendant admits that it is an issues focused non-profit 501(c)4 Qualified Not for Profit Corporation as that term is defined by the regulations of the Federal Election Commission. The organization is incorporated in Delaware with its principal place of business at 8190 A Beechmont Avenue, Cincinnati, Ohio 45255-6117. Defendant further admits that it has applied for a federal trademark registration for the COMMON SENSE ISSUES mark and the United States Patent and Trademark Office has approved the mark for publication. Except as expressly admitted herein, Defendant denies the other averments.

## JURISDICTION

4. Answering Paragraph 4, Defendant admits this Court has subject matter jurisdiction under 15 USC §1121, 28 USC §§ 1331, 1332, 1338(a) and (b), and §1367.

## VENUE

5. Answering Paragraph 5, Defendant denies that venue within this district is proper under 28 USC §1391(b) because Defendant does not transact any business with this district, or any district for that matter, as Defendant is a nonprofit corporation. Defendant admits that venue may be proper within this district under 28 USC §1391(c).

## GENERAL ALLEGATIONS

### History of Common Sense Media

6. Answering Paragraph 6, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments.

7. Answering Paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

8. Answering Paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

9. Answering Paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

10. Answering Paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

11. Answering Paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

12. Answering Paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

**Common Sense Media's COMMON SENSE Trademarks**

13. Answering Paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

14. Answering Paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

15. Answering Paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

16. Answering Paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

17. Answering Paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

18. Answering Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

19. Answering Paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

LACA_1670959.1

### Defendant CSI's Infringing Conduct

20. Answering Paragraph 20, Defendant admits it is a 501(c)4 Qualified Not for Profit Corporations at that term is defined by the regulations of the Federal Election Commission, incorporated on April 11, 2007. Defendant admits that on August 16, 2007, it filed an application to register COMMON SENSE ISSUES as a federal trademark for "promoting political and public policy issues." Except as expressly admitted, Defendant denies the remaining averments.

21. Answering Paragraph 21, Defendant admits that some of its activities and viewpoints are campaign related; however, a majority of its activities are education and issues based, and Defendant thus denies the characterization of its activities and viewpoints as "highly partisan" or "partisan". Any and all campaign activities of Defendant are in furtherance of its mission related to issues and public policy and are wholly independent of any political candidate's campaign or either of the two major political parties. Defendant further admits that the TrustHuckabee.com web site includes the phrase "…paid for by Common Sense Issues" but also notes that the web site includes a statement that "Trust Huckabee is an independent effort and is not authorized by any candidate or candidate's committee," and other similar statements. Except as expressly admitted herein, Defendant denies the remaining averments.

22. Answering Paragraph 22, Defendant admits that it runs the CubanHeroes.com website, and that, as of January 8, 2008, such website contained the referenced video segment; however, Defendant disputes Plaintiff's characterization of the video segment.

23. Answering Paragraph 23, Defendant admits that the CommonSenseIssues.com website solicits and allows users to donate to Common Sense Issues via an online form in which "California" is an option on a pull-down menu. Except as expressly admitted herein, Defendant denies the remaining averments (including denying the allegation that the TrustHuckabee.com website accepts any

monetary contributions).

24. Answering Paragraph 24, Defendant denies that it currently has a physical presence in California or that any of its current activities indicate a physical presence in California. Defendant admits that there is a merchandising webpage available through TrustHuckabee.com, but that merchandising webpage is operated by a third party, CafePress.com. Defendant denies the characterization of the language on such merchandizing webpage regarding sales tax; the language of that webpage instead says "No sales tax when shipping outside CA, KY, or NV!" Except as expressly admitted, Defendant denies the remaining averments.

25. Answering Paragraph 25, Defendant admits the merchandising webpage on the Trust Huckabee site is generated by a third party, CafePress.com. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments.

26. Answering Paragraph 26, Defendant admits the averments.

27. Answering Paragraph 27, Defendant admits the averments.

28. Answering Paragraph 28, Defendant admits that California is included in a drop down menu on the TrustHuckabee.com website, but denies the remaining averments.

29. Answering Paragraph 29, Defendant admits that it has and continues to engage in interactive telephone calls in various states which have been referenced in various news articles. Defendant denies the other averments.

30. Answering Paragraph 30, Defendant denies the averments, because the content of the alleged phone calls are not identical in every instance or in every state.

31. Answering Paragraph 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and the allegations suggest that Plaintiff may not have actual knowledge of the content of the alleged phone calls.

32. Answering Paragraph 32, Defendant denies the averments. Defendant alleges that it was one of many organizations, campaigns and persons making telephone

LACA_1670959.1

calls in the time period preceding the 2008 New Hampshire presidential primary. The scripts of calls at issue in the alleged "investigation" were not made by Defendant but by other persons or entities unknown to Defendant. Further, Defendant's phone calls in New Hampshire were conducted squarely within the provisions of the New Hampshire law which specifically exempts telephone calls made with respect to presidential candidates.

### The Likelihood of Consumer Confusion

33. Answering Paragraph 33, Defendant denies the averments.

34. Answering Paragraph 34, Defendant denies the averments.

35. Answering Paragraph 35, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments. Defendant further denies there is any likelihood of confusion between the parties' marks alleged in the complaint.

### Common Sense Media Will Suffer Irreparable Harm

36. Answering Paragraph 36, Defendant denies the averments.

37. Answering Paragraph 37, Defendant denies the averments.

38. Answering Paragraph 38, Defendant admits the averments.

39. Answering Paragraph 39, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

40. Answering Paragraph 40, Defendant admits that on February 5, 2008, numerous states will conduct presidential primaries, conventions and caucuses which are collectively and commonly referenced as "Super Tuesday." Except as expressly admitted herein, Defendant denies the other averments.

41. Answering Paragraph 41, Defendant admits the averments, but notes that Defendant's counsel has had additional communications with Plaintiff's counsel since the December 21, 2007 letter and January 8, 2008 telephone conversation alleged in this paragraph.

42. Answering Paragraph 42, Defendant denies the averments.

43. Answering Paragraph 43, Defendant denies the averments.

LACA_1670959.1

44. Answering Paragraph 44, Defendant denies the averment.

## FIRST CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT – FEDERAL LAW)

45. Answering Paragraph 45, Defendant realleges paragraphs 1-44 above as though fully set forth herein.

46. Answering Paragraph 46, Defendant denies the averments.

47. Answering Paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

48. Answering Paragraph 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

49. Answering Paragraph 49, Defendant denies the averments.

50. Answering Paragraph 50, Defendant denies the averments.

51. Answering Paragraph 51, Defendant denies the averments.

52. Answering Paragraph 52, Defendant denies the averments.

53. Answering Paragraph 53, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

## SECOND CLAIM FOR RELIEF

## (UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN – FEDERAL LAW)

54. Answering Paragraph 54, Defendant realleges paragraphs 1-53 above as though fully set forth herein.

55. Answering Paragraph 55, Defendant denies the averments.

56. Answering Paragraph 56, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

57. Answering Paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

58. Answering Paragraph 58, Defendant denies the averments.

59. Answering Paragraph 59, Defendant denies the averments.

60. Answering Paragraph 60, Defendant denies the averments.

61. Answering Paragraph 61, Defendant denies the averments.

62. Answering Paragraph 62, Defendant denies the averment.

### THIRD CLAIM FOR RELIEF

### (UNFAIR BUSINESS PRACTICES – CALIFORNIA LAW)

63. Answering Paragraph 63, Defendant realleges paragraphs 1-62 above as though fully set forth herein.

64. Answering Paragraph 64, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

65. Answering Paragraph 65, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

66. Answering Paragraph 66, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

67. Answering Paragraph 67, Defendant denies the averments.

68. Answering Paragraph 68, Defendant denies the averments.

69. Answering Paragraph 69, Defendant denies the averments.

70. Answering Paragraph 70, Defendant denies the averments.

71. Answering Paragraph 71, Defendant denies the averments.

72. Answering Paragraph 72, Defendant denies the averments.

### FOURTH CLAIM FOR RELIEF

### (DECEPTIVE, FALSE, AND MISLEADING ADVERTISING – CALIFORNIA LAW)

73. Answering Paragraph 73, Defendant realleges paragraphs 1-72 above as though fully set forth herein.

74. Answering Paragraph 74, Defendant denies the averments.

75. Answering Paragraph 75, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

76. Answering Paragraph 76, Defendant is without knowledge or information

1  sufficient to form a belief as to the truth of the averments.

2  77. Answering Paragraph 77, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

4  78. Answering Paragraph 78, Defendant denies the averments.

5  79. Answering Paragraph 79, Defendant denies the averments.

6  80. Answering Paragraph 80, Defendant denies the averments.

## FIFTH CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT – COMMON LAW)

9  81. Answering Paragraph 81, Defendant realleges paragraphs 1-80 above as though fully set forth herein.

11  82. Answering Paragraph 82, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

13  83. Answering Paragraph 83, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

15  84. Answering Paragraph 84, Defendant denies the averments.

16  85. Answering Paragraph 85, Defendant denies the averments.

17  86. Answering Paragraph 86, Defendant denies the averments.

18  87. Answering Paragraph 87, Defendant denies the averments.

19  88. Answering Paragraph 88, Defendant denies the averments.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CLAIM)

23  89. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

26  90. All causes of action in the complaint, and any injunctive relief based on these alleged causes of action, are barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

## (LACHES)

91.   Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred under the doctrine of laches from recovering any relief by virtue of its own acts, conduct, statements, and/or omissions, upon which Defendant has relied to its prejudice and detriment.

## FOURTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

92.   Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred under the doctrine of estoppel from recovering any relief by virtue of its own acts, conduct, statements, and/or omissions, upon which Defendant has relied to its prejudice and detriment.

## FIFTH AFFIRMATIVE DEFENSE

## (WAIVER)

93.   Defendant is informed and believes, and on that basis alleges, that Plaintiff has waived any right to obtain its requested relief as a result of its own acts, conduct, statements, and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

## (IMPLIED LICENSE)

94.   Plaintiff, through its conduct, statements and/or omissions, impliedly granted Defendant a non-exclusive license to use the COMMON SENSE ISSUES and similar "Common Sense" marks.

## SEVENTH AFFIRMATIVE DEFENSE

## (CONCURRENT USE AND REGISTRATION PERMITTED UNDER 15 USC § 1052(d))

95.   Defendant is entitled to use and registration of its mark concurrently with Plaintiff's use of its marks, pursuant to 15 U.S.C. § 1052(d).

## EIGHTH AFFIRMATIVE DEFENSE

## (LACK AND/OR WEAKNESS OF TRADEMARK RIGHTS)

96.  Plaintiff's COMMON SENSE MEDIA and COMMON SENSE marks are not famous, or distinctive, or strong and well recognized. The phrase "Common Sense" is not unique and the field of registered trademarks including the "Common Sense" phrase is crowded.

## NINTH AFFIRMATIVE DEFENSE

## (OTHER ADEQUATE LEGAL REMEDY)

97.  As a sixth and separate affirmative defense to the Complaint, Plaintiff has an adequate remedy at law and is therefore not entitled to the relief requested.

## PRAYER FOR RELIEF

WHEREFORE, defendant Common Sense Issues, Inc. prays for relief as follows:

1. That the Court dismiss Plaintiff's complaint with prejudice and that Plaintiff take nothing by its Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That the Court issue a declaratory judgment that Defendant's use of the COMMON SENSE ISSUES mark does not infringe or cause any other legal violation of any of Plaintiff's trademarks;

4. That pursuant to 15 U.S.C. 1052(d), the Court issue an order permitting Defendant to continue using its mark and instructing the U.S. Patent and Trademark Office to register Defendant's "COMMON SENSE ISSUES" mark and other marks incorporating the phrase "COMMON SENSE" concurrently with Plaintiff's use of its mark(s)(though such Court order pursuant to 15 U.S.C. 1052(d) is not required for Defendant to use and register its marks).

5. That the Court award Defendant its costs of suit and reasonable attorneys fees incurred herein, plus pre- and post-judgment interest at the legal rate; and

///

6.    That the Court award such other and additional relief as it deems just and proper.

Dated: April 16, 2008                  FOLEY & LARDNER LLP
                                                JAMES D. NGUYEN

By: /s/ _____
     JAMES D. NGUYEN
     Attorneys for Defendant
     COMMON SENSE ISSUES, INC.

## DEMAND FOR JURY TRIAL

Defendant Common Sense Issues, Inc. hereby demands a jury trial of all issues triable by a jury.

Dated: April 16, 2008                  FOLEY & LARDNER LLP
                                                JAMES D. NGUYEN

By: /s/ _____
     JAMES D. NGUYEN
     Attorneys for Defendant
     COMMON SENSE ISSUES, INC.