1  JAMES D. NGUYEN, CA BAR NO. 179370
   jnguyen@foley.com
2  RANA S. AWAD, CA BAR NO. 237197
   rawad@foley.com
   **FOLEY & LARDNER LLP**
3  2029 CENTURY PARK EAST, SUITE 3500
   LOS ANGELES, CA 90067-3021
   TELEPHONE:    310.277.2223
4  FACSIMILE:    310.557.8475

5  Attorneys for Defendant COMMON SENSE ISSUES, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  COMMON SENSE MEDIA, INC., a                Case No:  008-00155CW
    California corporation,
13                                             Judge: Hon. Claudia Wilken
                   Plaintiff,
14                                             **[PROPOSED] FIRST AMENDED
           vs.                                 ANSWER OF COMMON SENSE
15                                             ISSUES, INC. TO COMPLAINT**
    COMMON SENSE ISSUES, INC., a
16  Delaware corporation,                      **DEMAND FOR JURY TRIAL**

17                 Defendant.

18

19

20

21

22

23

24

25

26

27

28
                                     1

1    Defendant Common Sense Issues, Inc. ("Defendant") hereby sets forth its first

2  amended answer to the complaint of plaintiff Common Sense Media, Inc. ("Plaintiff") as

3  follows:

4    1.    Answering Paragraph 1, Defendant admits that Plaintiff alleges the

5  referenced causes of action but denies that such claims and causes of action alleged in the

6  complaint have any merit.

7                                    **PARTIES**

8    2.    Answering Paragraph 2, Defendant is without knowledge or information

9  sufficient to form a belief as to the truth of the averments.

10    3.    Answering Paragraph 3, Defendant admits that it is an issues focused non-

11  profit 501(c)4 Qualified Not for Profit Corporation as that term is defined by the

12  regulations of the Federal Election Commission.  The organization is incorporated in

13  Delaware with its principal place of business at 8190 A Beechmont Avenue, Cincinnati,

14  Ohio 45255-6117.  Defendant further admits that it has applied for a federal trademark

15  registration for the COMMON SENSE ISSUES mark and the United States Patent and

16  Trademark Office has approved the mark for publication. Except as expressly admitted

17  herein, Defendant denies the other averments.

18                                  **JURISDICTION**

19    4.    Answering Paragraph 4, Defendant admits this Court has subject matter

20  jurisdiction under 15 USC §1121, 28 USC §§ 1331, 1332, 1338(a) and (b), and §1367.

21                                     **VENUE**

22    5.    Answering Paragraph 5, Defendant denies that venue within this district is

23  proper under 28 USC §1391(b) because Defendant does not transact any business with

24  this district, or any district for that matter, as Defendant is a nonprofit corporation.

25  Defendant admits that venue may be proper within this district under 28 USC §1391(c).

26                             **GENERAL ALLEGATIONS**

27                          **History of Common Sense Media**

28    6.    Answering Paragraph 6, Defendant is without knowledge or information

2

LACA_1670959.1

1    sufficient to form a belief as to the truth of the averments.

2        7.    Answering Paragraph 7, Defendant is without knowledge or information

3    sufficient to form a belief as to the truth of the averments.

4        8.    Answering Paragraph 8, Defendant is without knowledge or information

5    sufficient to form a belief as to the truth of the averments.

6        9.    Answering Paragraph 9, Defendant is without knowledge or information

7    sufficient to form a belief as to the truth of the averments.

8        10.    Answering Paragraph 10, Defendant is without knowledge or information

9    sufficient to form a belief as to the truth of the averments.

10        11.    Answering Paragraph 11, Defendant is without knowledge or information

11    sufficient to form a belief as to the truth of the averments.

12        12.    Answering Paragraph 12, Defendant is without knowledge or information

13    sufficient to form a belief as to the truth of the averments.

14        **Common Sense Media's COMMON SENSE Trademarks**

15        13.    Answering Paragraph 13, Defendant is without knowledge or information

16    sufficient to form a belief as to the truth of the averments.

17        14.    Answering Paragraph 14, Defendant is without knowledge or information

18    sufficient to form a belief as to the truth of the averments.

19        15.    Answering Paragraph 15, Defendant is without knowledge or information

20    sufficient to form a belief as to the truth of the averments.

21        16.    Answering Paragraph 16, Defendant is without knowledge or information

22    sufficient to form a belief as to the truth of the averments.

23        17.    Answering Paragraph 17,  Defendant is without knowledge or information

24    sufficient to form a belief as to the truth of the averments.

25        18.    Answering Paragraph 18,  Defendant is without knowledge or information

26    sufficient to form a belief as to the truth of the averments.

27        19.    Answering Paragraph 19, Defendant is without knowledge or information

28    sufficient to form a belief as to the truth of the averments.

LACA_1670959.1

1

2                                    **Defendant CSI's Infringing Conduct**

3          20.    Answering Paragraph 20, Defendant admits it is a 501(c)4 Qualified Not

4   for Profit Corporations at that term is defined by the regulations of the Federal Election

5   Commission, incorporated on April 11, 2007. Defendant admits that on August 16, 2007,

6   it filed an application to register COMMON SENSE ISSUES as a federal trademark for

7   "promoting political and public policy issues." Except as expressly admitted, Defendant

8   denies the remaining averments.

9          21.    Answering Paragraph 21, Defendant admits that some of its activities and

10  viewpoints are campaign related; however, a majority of its activities are education and

11  issues based, and Defendant thus denies the characterization of its activities and

12  viewpoints as "highly partisan" or "partisan". Any and all campaign activities of

13  Defendant are in furtherance of its mission related to issues and public policy and are

14  wholly independent of any political candidate's campaign or either of the two major

15  political parties. Defendant further admits that the TrustHuckabee.com web site includes

16  the phrase "...paid for by Common Sense Issues" but also notes that the web site includes

17  a statement that "Trust Huckabee is an independent effort and is not authorized by any

18  candidate or candidate's committee," and other similar statements. Except as expressly

19  admitted herein, Defendant denies the remaining averments.

20         22.    Answering Paragraph 22, Defendant admits that it runs the

21  CubanHeroes.com website, and that, as of January 8, 2008, such website contained the

22  referenced video segment; however, Defendant disputes Plaintiff's characterization of the

23  video segment.

24         23.    Answering Paragraph 23, Defendant admits that the

25  CommonSenseIssues.com website solicits and allows users to donate to Common Sense

26  Issues via an online form in which "California" is an option on a pull-down menu.

27  Except as expressly admitted herein, Defendant denies the remaining averments

28  (including denying the allegation that the TrustHuckabee.com website accepts any

                                                4

LACA_1670959.1

1  monetary contributions).

2      24.    Answering Paragraph 24, Defendant denies that it currently has a physical

3  presence in California or that any of its current activities indicate a physical presence in

4  California. Defendant admits that there is a merchandising webpage available through

5  TrustHuckabee.com, but that merchandising webpage is operated by a third party,

6  CafePress.com.  Defendant denies the characterization of the language on such

7  merchandizing webpage regarding sales tax; the language of that webpage instead says

8  "No sales tax when shipping outside CA, KY, or NV!" Except as expressly admitted,

9  Defendant denies the remaining averments.

10      25.    Answering Paragraph 25, Defendant admits the merchandising webpage on

11  the Trust Huckabee site is generated by a third party, CafePress.com.  Defendant is

12  without knowledge or information sufficient to form a belief as to the truth of the other

13  averments.

14      26.    Answering Paragraph 26, Defendant admits the averments.

15      27.    Answering Paragraph 27,  Defendant admits the averments.

16      28.    Answering Paragraph 28,  Defendant admits that California is included in a

17  drop down menu on the TrustHuckabee.com website, but denies the remaining

18  averments.

19      29.    Answering Paragraph 29, Defendant admits that it has and continues to

20  engage in interactive telephone calls in various states which have been referenced in

21  various news articles.  Defendant denies the other averments.

22      30.    Answering Paragraph 30, Defendant denies the averments, because the

23  content of the alleged phone calls are not identical in every instance or in every state.

24      31.    Answering Paragraph 31, Defendant is without knowledge or information

25  sufficient to form a belief as to the truth of the averments and the allegations suggest that

26  Plaintiff may not have actual knowledge of the content of the alleged phone calls.

27      32.    Answering Paragraph 32, Defendant denies the averments.  Defendant

28  alleges that it was one of many organizations, campaigns and persons making telephone

LACA_1670959.1

1  calls in the time period preceding the 2008 New Hampshire presidential primary.  The

2  scripts of calls at issue in the alleged "investigation" were not made by Defendant but by

3  other persons or entities unknown to Defendant.  Further, Defendant's phone calls in

4  New Hampshire were conducted squarely within the provisions of the New Hampshire

5  law which specifically exempts telephone calls made with respect to presidential

6  candidates.

7  <u>**The Likelihood of Consumer Confusion**</u>

8      33.    Answering Paragraph 33, Defendant denies the averments.

9      34.    Answering Paragraph 34, Defendant denies the averments.

10     35.    Answering Paragraph 35, Defendant is without knowledge or information

11  sufficient to form a belief as to the truth of the averments.  Defendant further denies there

12  is any likelihood of confusion between the parties' marks alleged in the complaint.

13  <u>**Common Sense Media Will Suffer Irreparable Harm**</u>

14     36.    Answering Paragraph 36, Defendant denies the averments.

15     37.    Answering Paragraph 37, Defendant denies the averments.

16     38.    Answering Paragraph 38, Defendant admits the averments.

17     39.    Answering Paragraph 39, Defendant is without knowledge or information

18  sufficient to form a belief as to the truth of the averments.

19     40.    Answering Paragraph 40, Defendant admits that on February 5, 2008,

20  numerous states will conduct presidential primaries, conventions and caucuses which are

21  collectively and commonly referenced as "Super Tuesday."  Except as expressly admitted

22  herein, Defendant denies the other averments.

23     41.    Answering Paragraph 41, Defendant admits the averments, but notes that

24  Defendant's counsel has had additional communications with Plaintiff's counsel since the

25  December 21, 2007 letter and January 8, 2008 telephone conversation alleged in this

26  paragraph.

27     42.    Answering Paragraph 42, Defendant denies the averments.

28     43.    Answering Paragraph 43, Defendant denies the averments.

6

LACA_1670959.1

1    44.    Answering Paragraph 44, Defendant denies the averment.

2    **FIRST CLAIM FOR RELIEF**

3    **(TRADEMARK INFRINGEMENT – FEDERAL LAW)**

4    45.    Answering Paragraph 45,   Defendant realleges paragraphs 1-44 above as

5    though fully set forth herein.

6    46.    Answering Paragraph 46, Defendant denies the averments.

7    47.    Answering Paragraph 47, Defendant is without knowledge or information

8    sufficient to form a belief as to the truth of the averments.

9    48.    Answering Paragraph 48, Defendant is without knowledge or information

10    sufficient to form a belief as to the truth of the averments.

11    49.    Answering Paragraph 49, Defendant denies the averments.

12    50.    Answering Paragraph 50, Defendant denies the averments.

13    51.    Answering Paragraph 51, Defendant denies the averments.

14    52.    Answering Paragraph 52, Defendant denies the averments.

15    53.    Answering Paragraph 53, Defendant is without knowledge or information

16    sufficient to form a belief as to the truth of the averments.

17    **SECOND CLAIM FOR RELIEF**

18    **(UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN –**

19    **FEDERAL LAW)**

20    54.    Answering Paragraph 54,   Defendant realleges paragraphs 1-53 above as

21    though fully set forth herein.

22    55.    Answering Paragraph 55, Defendant denies the averments.

23    56.    Answering Paragraph 56, Defendant is without knowledge or information

24    sufficient to form a belief as to the truth of the averments.

25    57.    Answering Paragraph 57, Defendant is without knowledge or information

26    sufficient to form a belief as to the truth of the averments.

27    58.    Answering Paragraph 58, Defendant denies the averments.

28    59.    Answering Paragraph 59, Defendant denies the averments.

7

LACA_1670959.1

60.    Answering Paragraph 60, Defendant denies the averments.

61.    Answering Paragraph 61, Defendant denies the averments.

62.    Answering Paragraph 62, Defendant denies the averment.

## THIRD CLAIM FOR RELIEF

## (UNFAIR BUSINESS PRACTICES – CALIFORNIA LAW)

63.    Answering Paragraph 63, Defendant realleges paragraphs 1-62 above as though fully set forth herein.

64.    Answering Paragraph 64, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

65.    Answering Paragraph 65, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

66.    Answering Paragraph 66, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

67.    Answering Paragraph 67, Defendant denies the averments.

68.    Answering Paragraph 68, Defendant denies the averments.

69.    Answering Paragraph 69, Defendant denies the averments.

70.    Answering Paragraph 70, Defendant denies the averments.

71.    Answering Paragraph 71, Defendant denies the averments.

72.    Answering Paragraph 72, Defendant denies the averments.

## FOURTH CLAIM FOR RELIEF

## (DECEPTIVE, FALSE, AND MISLEADING ADVERTISING –

## CALIFORNIA LAW)

73.    Answering Paragraph 73, Defendant realleges paragraphs 1-72 above as though fully set forth herein.

74.    Answering Paragraph 74, Defendant denies the averments.

75.    Answering Paragraph 75, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments.

76.    Answering Paragraph 76, Defendant is without knowledge or information

8

LACA_1670959.1

1  sufficient to form a belief as to the truth of the averments.

2     77.    Answering Paragraph 77, Defendant is without knowledge or information

3  sufficient to form a belief as to the truth of the averments.

4     78.    Answering Paragraph 78, Defendant denies the averments.

5     79.    Answering Paragraph 79, Defendant denies the averments.

6     80.    Answering Paragraph 80, Defendant denies the averments.

7                          **FIFTH CLAIM FOR RELIEF**

8                 **(TRADEMARK INFRINGEMENT – COMMON LAW)**

9     81.    Answering Paragraph 81, Defendant realleges paragraphs 1-80 above as

10  though fully set forth herein.

11    82.    Answering Paragraph 82, Defendant is without knowledge or information

12  sufficient to form a belief as to the truth of the averments.

13    83.    Answering Paragraph 83, Defendant is without knowledge or information

14  sufficient to form a belief as to the truth of the averments.

15    84.    Answering Paragraph 84, Defendant denies the averments.

16    85.    Answering Paragraph 85, Defendant denies the averments.

17    86.    Answering Paragraph 86, Defendant denies the averments.

18    87.    Answering Paragraph 87, Defendant denies the averments.

19    88.    Answering Paragraph 88, Defendant denies the averments.

20                          **AFFIRMATIVE DEFENSES**

21                     **FIRST AFFIRMATIVE DEFENSE**

22                      **(FAILURE TO STATE A CLAIM)**

23    89.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

24                    **SECOND AFFIRMATIVE DEFENSE**

25                      **(STATUTE OF LIMITATIONS)**

26    90.    All causes of action in the complaint, and any injunctive relief based on

27  these alleged causes of action, are barred by the applicable statutes of limitation.

28

DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT
CASE NO. 088-00155CW

LACA_1670959.1

1

## THIRD AFFIRMATIVE DEFENSE

2

### (LACHES)

3    91.    Defendant is informed and believes, and on that basis alleges, that Plaintiff

4    is barred under the doctrine of laches from recovering any relief by virtue of its own acts,

5    conduct, statements, and/or omissions, upon which Defendant has relied to its prejudice

6    and detriment.

7

## FOURTH AFFIRMATIVE DEFENSE

8

### (ESTOPPEL)

9    92.    Defendant is informed and believes, and on that basis alleges, that Plaintiff

10    is barred under the doctrine of estoppel from recovering any relief by virtue of its own

11    acts, conduct, statements, and/or omissions, upon which Defendant has relied to its

12    prejudice and detriment.

13

## FIFTH AFFIRMATIVE DEFENSE

14

### (WAIVER)

15    93.    Defendant is informed and believes, and on that basis alleges, that Plaintiff

16    has waived any right to obtain its requested relief as a result of its own acts, conduct,

17    statements, and/or omissions.

18

## SIXTH AFFIRMATIVE DEFENSE

19

### (IMPLIED LICENSE)

20    94.    Plaintiff, through its conduct, statements and/or omissions, impliedly

21    granted Defendant a non-exclusive license to use the COMMON SENSE ISSUES and

22    similar "Common Sense" marks.

23

## SEVENTH AFFIRMATIVE DEFENSE

24

### (CONCURRENT USE AND

25

### REGISTRATION PERMITTED UNDER 15 USC § 1052(d))

26    95.    Defendant is entitled to use and registration of its mark concurrently with

27    Plaintiff's use of its marks, pursuant to 15 U.S.C. § 1052(d).

28

10

DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT
CASE NO. 088-00155CW

## **EIGHTH AFFIRMATIVE DEFENSE**

### **(LACK AND/OR WEAKNESS OF TRADEMARK RIGHTS)**

96.     Plaintiff's COMMON SENSE MEDIA and COMMON SENSE marks are not famous, or distinctive, or strong and well recognized.  The phrase "Common Sense" is not unique and the field of registered trademarks including the "Common Sense" phrase is crowded.

## **NINTH AFFIRMATIVE DEFENSE**

### **(OTHER ADEQUATE LEGAL REMEDY)**

97.     As a sixth and separate affirmative defense to the Complaint, Plaintiff has an adequate remedy at law and is therefore not entitled to the relief requested.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant Common Sense Issues, Inc. prays for relief as follows:

1.     That the Court dismiss Plaintiff's complaint with prejudice and that Plaintiff take nothing by its Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That the Court issue a declaratory judgment that Defendant's use of the COMMON SENSE ISSUES mark does not infringe or cause any other legal violation of any of Plaintiff's trademarks;

4.     That pursuant to 15 U.S.C. 1052(d), the Court issue an order permitting Defendant to continue using its mark and instructing the U.S. Patent and Trademark Office to register Defendant's "COMMON SENSE ISSUES" mark and other marks incorporating the phrase "COMMON SENSE" concurrently with Plaintiff's use of its mark(s)(though such Court order pursuant to 15 U.S.C. 1052(d) is not required for Defendant to use and register its marks).

5.     That the Court award Defendant its costs of suit and reasonable attorneys fees incurred herein, plus pre- and post-judgment interest at the legal rate; and

///

LACA_1670959.1

1        6.    That the Court award such other and additional relief as it deems just and

2    proper.

3

4

5

6    Dated: April 16, 2008           FOLEY & LARDNER LLP
                              JAMES D. NGUYEN

7

8

9                                 By: /s/ _____

10                                   JAMES D. NGUYEN
                                Attorneys for Defendant

11                                   COMMON SENSE ISSUES, INC.

12

13                        **DEMAND FOR JURY TRIAL**

14        Defendant Common Sense Issues, Inc. hereby demands a jury trial of all issues

15   triable by a jury.

16   Dated: April 16, 2008           FOLEY & LARDNER LLP
                              JAMES D. NGUYEN

17

18

19

20                                By: /s/ _____
                                JAMES D. NGUYEN

21                                   Attorneys for Defendant
                                COMMON SENSE ISSUES, INC.

22

23

24

25

26

27

28

                                12

LACA_1670959.1