# HOWREY LLP

Howrey LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
www.howrey.com

Henry C. Su
Partner
T 650.798.3500
F 650.798.3600
D 650.798.3528
suh@howrey.com

**CONFIDENTIAL – MEDIATION-RELATED COMMUNICATION**

June 10, 2008

**BY ELECTRONIC AND REGULAR MAIL**

Jennifer Lee Taylor, Esq.
jtaylor@mofo.com
Anne M. Hunter, Esq.
ahunter@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

James D. Nguyen, Esq.
jnguyen@foley.com
Rana S. Awad, Esq.
rawad@foley.com
Foley & Lardner LLP
2029 Century Park East, Suite 3500
Los Angeles, CA  90067-3021

Re: *Common Sense Media, Inc. v. Common Sense Issues, Inc.,*
Case No. C 08-00155-CW (MED)

Dear Counsel:

As you know, the Court has appointed me to serve as the mediator in the above referenced case under the Court-sponsored mediation program. This letter addresses several, important housekeeping matters regarding my appointment.

### Conflicts of Interest

Before accepting this appointment, I had my office conduct a conflicts check, which did not reveal any actual or potential conflicts of interest under 28 U.S.C. § 455(a) and (b). Furthermore, I am not aware of any other circumstances that would compromise my impartiality or the appearance of impartiality.

In the interest of full disclosure, however, I want to bring to your attention the fact that one of my son's best friends from school is the son of one of the Plaintiff's directors, Karen Edwards. Through this relationship between our respective children, I am acquainted with Ms. Edwards socially. I do not have, and I have never had, any professional or business dealings with Ms. Edwards.

I do not view the above described relationship as affecting in any way my ability to serve as an unbiased mediator in this case, and I do not understand this relationship to require automatic disqualification under 28 U.S.C. § 455(b). If this relationship causes you or your

respective clients concern about my ability to serve impartially, however, you are required to communicate your objection in writing to the ADR Unit within ten calendar days of your receipt of this letter.  See ADR L.R. 2-5(d).

Additionally, my firm's conflicts department requires partners who serve as arbitrators and mediators to have the understanding set forth below.  I assume that this will not cause a problem, as it has not caused any problem in the past.

It is understood that my serving as a mediator in this case does not create an attorney-client relationship between Common Sense Media or Common Sense Issues and my firm, Howrey LLP, or create a conflict of interest that would prevent Howrey from representing clients adverse to either party in unrelated matters.  Howrey represents clients in industries involving mass media and communications.  No representation, past or present, of any such clients of which we are aware involves any issues or the subject matter of this case.  Common Sense Media and Common Sense Issues agree that in the event Howrey is asked to take on a representation against either of them, including litigation adverse to either of them, that does not concern the same subject matter as this case, no action will be taken to disqualify Howrey based solely on my serving as a mediator.  I agree that I will not participate in any such representation adverse to either party during the time I am serving as a mediator.

## My Background and Experience

The Court-sponsored mediation program in which you and your respective clients are participating attempts to place cases with mediators who have subject matter expertise relevant to the claims and defenses at issue.  I understand that this case involves federal and state claims of trademark infringement, false advertising and unfair competition.  At Howrey LLP, I have a trial and appellate practice that focuses on disputes involving intellectual property and antitrust claims, and over the course of my eighteen-year legal career, I have litigated cases involving trademark, false advertising and unfair competition claims.  My biography can be accessed by clicking the following link: http://www.howrey.com/suh/, and upon request, I can provide a more extensive list of the intellectual property and antitrust cases I have handled.  I have been a member of the Court's mediation panel since the beginning of 2007.

My services as a mediator on this case are billed to the parties under the following schedule, to be split evenly:

- All of my preparation time and the first four hours of the mediation session are *pro bono publico*.
- The second four hours of the mediation session are billed at a Court-set rate of $200 per hour.
- Any additional time beyond eight hours are billed at my standard hourly rate, which is $675.00.

## Getting the ADR Process Started

Please be sure to review carefully ADR Local Rules 6-1 through 6-13, which govern the conduct of all mediations under this program.  The Rules can be accessed from the following home page: http://www.adr.cand.uscourts.gov/.

As required by ADR L.R. 6-6, I will conduct an initial phone conference with all counsel before the mediation session to discuss the following:

- the procedures to be followed;
- the nature of the case;
- appropriate dates for the mediation and anticipated length of the session;
- the parties who must be present under ADR L.R. 6-9 and the parties who need to be present to have a productive mediation session;
- ideas to improve the effectiveness of the mediation session or matters that could pose impediments;
- requirements for your written mediation statements;
- any questions you might have about how I normally conduct mediations; and
- any questions you might have about the mediation program.

I expect that this conference will last approximately one-half hour. Based on our telephone conversation today, I have set this conference for Monday, June 16, at 10:30 a.m. Please dial my conference bridge number, 1-800-326-6981, and enter the passcode 554436, followed by the pound (#) sign. If it turns out that this date and time do not work, please let me know as soon as possible and we can reschedule.

I understand that the parties have stipulated, and the Court has approved, the extension of the mediation deadline to August 31, 2008. Based on our telephone conversation today, I have penciled in Monday, July 28, 2008, at 9:00 a.m., as the date and time for the mediation session. If we need to change the date or the start time, please bring this up during our phone conference next Monday.

Please let me know if you have any questions about anything in this letter. I look forward to assisting you in this case.

Sincerely yours,

Henry C. Su

HCS:

cc: Clerk's Office – ADR Unit